FILED
United States Court of Appeals
Tenth Circuit

September 30, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEVIN L. MCKINNEY,

    Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; T. LAURENCE,

    Defendants - Appellees.

No. 16-1160
(D.C. No. 1:15-CV-02269-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Kevin McKinney, a state prisoner appearing pro se, appeals the district court's

dismissal of his 42 U.S.C. § 1983 suit. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

**I**

McKinney is a prisoner at the Arkansas Valley Correctional Facility

("AVCF"). On May 28, 2015, he requested medical attention for a hernia. He

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

followed up with additional requests on June 8 and 12. McKinney was seen by physician assistant Ted Laurence on June 23 and again on July 2. Laurence explained that per Colorado Department of Corrections ("CDOC") policy, McKinney was not a surgical candidate because the hernia was reducible. He provided McKinney with pain medication and a hernia belt. Laurence further advised McKinney that he could request additional treatment if his condition worsened.

After exhausting prison grievance procedures, McKinney filed suit. He alleges that Laurence, nurse Lisa Hanks, and AVCF clinic supervisor John Klein violated his Eighth Amendment rights by refusing his request for surgery. He also names CDOC as a defendant. The district court dismissed McKinney's claims against Klein and Hanks. CDOC and Laurence then moved to dismiss McKinney's remaining claims. The district court granted their motion and denied McKinney's motion to alter or amend judgment. McKinney timely appealed.

## II

We review de novo a district court's dismissal for failure to state a claim. Wasatch Equal. v. Alta Ski Lifts Co., 820 F.3d 381, 386 (10th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Because McKinney is proceeding pro se, we construe his filings liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But we may not act as his advocate. Id.

McKinney contends that CDOC's policy of refusing surgery to inmates with reducible hernias violates the Eighth Amendment because it inflicts unnecessary pain and suffering and is likely to lead to serious complications. To prevail on an Eighth Amendment claim, McKinney must show that prison officials "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Self v. Crum, 439 F.3d 1227, 1231 (10th Cir. 2006). "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999). Accordingly, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Id. Having reviewed the record and all appellate filings, we agree with the district court that McKinney's claim rests on mere disagreement with a prescribed course of treatment and thus fails to state a claim upon which relief may be granted.[1]

### III

**AFFIRMED**. McKinney's motion to proceed in forma pauperis is **GRANTED**, but we remind him of his obligation to continue making payments until

---

[1] On appeal, McKinney does not challenge the district court's dismissal of his claims against Klein and Hanks, nor does he challenge the district court's Eleventh Amendment ruling regarding his damages claim against Laurence in his official capacity. Accordingly, these arguments are waived. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . .").

the filing fee is paid in full.  <u>See</u> 28 U.S.C. § 1915(b).

Entered for the Court

Carlos F. Lucero
Circuit Judge

4